Eddie Lee **TURNER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17741.

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1972.

James O. Braly, Durant, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Eddie Lee Turner, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Bryan County, Oklahoma, for the offense of Shooting With Intent to Kill, After Former Conviction of a Felony; his punishment was fixed at twenty (20) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Ronnie Cox, an Oklahoma Highway Patrol Trooper, testified that on December 10, 1971 at approximately 3:45 a. m., he stopped the defendant in Comanche County for a traffic violation. He placed the defendant under arrest and advised him of his constitutional rights. The defendant stated, " 'I am the one that shot that—so-and-so in the Durant County Jail.' " (Tr. 46)

Sheriff Brimage testified he was called to the Bryan County Jail on November 26, 1971 at approximately 8:00 p. m. He discovered that one of the trusties, Wayne Lamar Bruce, had been shot and that the defendant and Co-defendant Thomas Andrew Royal had escaped.

The testimony of Wayne Lamar Bruce given at defendant's preliminary hearing was read to the jury over the objection of the defendant. Bruce testified that on the evening of November 26, he was a trustie in the Bryan County Jail. The defendant and Co-defendant Royal called him to the lower cell stating that they wanted some water and that it was too hot. He gave them some water and had another trustie cut the fire down. They called him back again and the Co-defendant Royal pulled a gun. Royal demanded that he give him the keys and he replied that the keys wouldn't fit the door. Royal then stated, " 'well, call the jailer' " pointing the gun at him. He (Bruce) stated, " 'well, I don't think so.' " The defendant then stated, " 'well, kill the son-of-a-bitch.' " (Tr 67) Royal then fired a shot which struck him in the eye.

Tom Dorsey testified that he was working as a jailer in the Bryan County Jail on the evening of November 26. He heard someone call to Wayne Bruce saying that it was hot back there. He went to the cell are and observed the defendant and Royal standing by the door laughing. They said, " 'well, your old buddy—something's happened to him.' " (Tr. 71) He observed Wayne Bruce lying on the floor bleeding around the eye.

For the defense, Tom Andrew Royal testified that on the evening of November 26, he called a trustie to his cell in the County Jail. He "threw a pistol on him" and told him to open the door. The trustie refused and he shot him. He testified that the defendant was in the back cell at the time he shot the trustie. He admitted that the defendant left the cell with him.

Defendant's brief states one general proposition under which he asserts

**234**

numerous errors that occurred during the trial. We have carefully examined each of the alleged errors and are of the opinion that the proposition is without merit. We specifically observe that the trial court properly overruled defendant's motions attacking the sufficiency of the Information; that the State did show diligence in attempting to obtain service on the Witness Bruce and that the witness was actually unavailable; that the District Attorney did not make improper remarks in his opening statement;[1] that the Witness Cox's response to a question that the defendant was placed under arrest for Drunk Driving was not fundamental error and that the answer was not responsive to the question; and, further, that the trial court instructed the jury to not consider the testimony. The judgment and sentence is accordingly affirmed.

BRETT, J., concurs.

1. "We are here to see that the people of the State of Oklahoma, and the defendant, each get a fair, honest and impartial trial."